**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CIVIL ACTION NO. 23-69-DLB**

**DARLENE MCCOY**                                                                 **PLAINTIFF**


**v.**                          **MEMORANDUM OPINION AND ORDER**


**MARTIN O'MALLEY**
**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

**\*\*\*     \*\*\*     \*\*\*     \*\*\***

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant denying her application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be **affirmed**.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff previously filed an application for benefits on March 4, 1994.   That application was denied initially but resulted in a favorable decision issued on April 28, 1995.

Plaintiff filed her current application for supplemental security income benefits (SSI) on July 8, 2019, alleging disability beginning on March 4, 1994, due to chronic asthma, Grave's Disease, hypothyroidism, arthritis, high blood pressure, back problems and osteoporosis. (Tr. 215). This application was denied initially, then proceeded to an

1

administrative hearing, conducted by Administrative Law Judge Maia Hodges (ALJ), wherein Plaintiff, accompanied by counsel, testified.   At the hearing, Gina Baldwin, a vocational expert (VE), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 17-28). Plaintiff was 50 years old on the date of her application. She has a 10th grade education and no past relevant work. (Tr. 215 -216).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since she applied for benefits. (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffers from osteoarthritis, scoliosis, asthma and Grave's Disease, which he found to be severe within the meaning

2

of the Regulations. (Tr. 19-21).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. (Tr. 21-22). In doing so, the ALJ specifically considered Listings 1.18, 1.15, 1.16, 3.08 and 9.00. *Id.*

The ALJ then found that Plaintiff has the residual functional capacity (RFC) to perform for a range of light work as defined in 20 C.F.R. § 416.967(b), with certain exceptions as set forth in the hearing decision. (Tr. 22-24).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE. (Tr. 26).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.   Both parties have filed Motions for Summary Judgment (Doc. # 8 and 10), Plaintiff filed a Reply Brief (Doc. # 11). and this matter is ripe for decision.

**II.   STANDARD OF REVIEW**

The issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.   "Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.   *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).   If the Commissioner's

3

decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility. *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).   Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### III.    ANALYSIS

Plaintiff alleges two claims of error.    First, she claims that her marital status affects her claim for SSI. However, she does not explain how this is relevant to the issue of disability.   Without any argument in support of her somewhat odd contention, her marital status falls outside the bounds of what is deemed relevant in this context, to-wit, evidence that relates to her claim of disability. *See* 20 C.F.R. § 416.913 (a).   To the extent that Plaintiff attempts to revive her prior claim for benefits, she has not provided any information in that regard or addressed the timeframe for reopening a claim.   The onus is on Plaintiff to present issues on appeal.   "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to…put flesh on its bones." *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010). Moreover, ALJ Hodges explicitly found that there is no good cause for reopening the prior matter. (Tr. 17).

Next, Plaintiff asserts that the ALJ "ignored the doctrine of res judicata as set forth in *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997)." (Doc. # 8, p. 2). Yet, this conclusory allegation ignores the very first page of ALJ Hodges decision in which she states that given the prior 1995 decision, "the principles set forth in [*Drummond*] must still be applied." (Tr. 17).   As such, Plainjtff's argument is without merit. Further, Plaintiff appears to misconstrue *Drumond*.

In *Drummond*, the Sixth Circuit held that the principles of *res judicata* apply to both the claimant and the Commissioner in social security appeals. *Drummond*, 126 F.3d at 842.   Clarifying *Drummond*, in *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018), the Sixth Circuit held that the principles protected by *Drummond*, namely consistency and finality, "do not prevent the agency from giving a fresh look to a new application containing new evidence or satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." *Id.* at 931. The Sixth Circuit explained that res judicata applies to subsequent applications for "the same period of time [ ] rejected by the first application." *Id.* at 933. However, "a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994." *Id.* (internal quotation marks and citations omitted).

Courts in this circuit have generally observed that "[t]he *Earley* court held that res judicata does not apply to a prior ALJ's findings when a different time-period is at issue, and that therefore, the prior findings are not binding." *Al Jalham v. Comm'r of Soc. Sec.*, No. 18-12595, 2019 WL 7584406, at *4 (E.D. Mich. Aug. 26, 2019), *report and*

*recommendation adopted*, 2019 WL 5558357 (E.D. Mich. Oct. 29, 2019); *see also Neupane v. Comm'r of Soc. Sec.*, No. 2:20-CV-2306, 2021 WL 3489676, at *6 (S.D. Ohio Aug. 9, 2021) ("res judicata does not apply to a new application for SSI benefits for a new period of time."); *Forman v. Saul*, No. 7:19-CV-043-CHB, 2020 WL 5521038, at *5 (E.D. Ky. Sept. 14, 2020) ("res judicata does not apply to a new application for SSI benefits for a new period of time; rather, the new application is entitled to a "fresh review."); *Snead v. Saul*, No. 1:19CV2754, 2020 WL 5097580, at *11 (N.D. Ohio Aug. 10, 2020) ("In *Earley*, the Sixth Circuit clarified res judicata applies to subsequent applications for 'the same period of time [ ] rejected by the first application.' "), *report and recommendation adopted*, 2020 WL 5096066 (N.D. Ohio Aug. 28, 2020).

Such is the case here. Plaintiff is seeking benefits based on a new period of disability, beginning on July 8, 2019. The ALJ acknowledged the prior favorable decision and explained that she would not adopt the limitation therein because the findings were over 25 years old that Plaintiff's impairments and treatment had changed since that time. (Tr. 17 and 25). The ALJ provided a fresh look at the application. This is what *Drumond* and its progeny require. Plaintiff's claim that the ALJ ignored *Drummond* is unavailing.

Notably, in seeking summary judgment, Plaintiff does not challenge any of the ALJ's specific findings. Social Security regulations place the burden on Plaintiff to prove the existence of a disability. *Foster v. Comm'r of Soc. Sec.*, 279 F.3d 34, 3538 (6th Cir. 2001).   She has not demonstrated any error in the ALJ's decision.

## IV.   CONCLUSION

The Court, having reviewed the record herein, finds that the ALJ's decision is supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc. # 8) be **DENIED,** and the Defendant's Motion for Summary Judgment (Doc. # 10) be **GRANTED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 10th day of September 2024.



Signed By:

_David L. Bunning_

United States District Judge

G:\Judge-DLB\DATA\SocialSecurity\MOOs\Ashland\23-69 MOO.docx